FILED'08 NOV 21 07:24 USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ROGER LEWIS BALL,

     Plaintiff,

  v.

STATE OF OREGON; OREGON
DEPARTMENT OF HUMAN SERVICES,
HEALTH DIVISION, OREGON STATE
HOSPITAL, PSYCHIATRIC SECURITY
REVIEW BOARD, CLIFFORD JOHANNSEN,
DOROTHY J. MOREY, JULIA HULBURT,
JOHN LEONARD, as individual and
in their official capacities,

     Defendants.

Civ. No. 07-6099-AA

OPINION AND ORDER

Aiken, Judge:

    Plaintiff filed suit alleging that members of the State of Oregon Psychiatric Security Review Board (the Board) violated his right to due process under 42 U.S.C. § 1983 by continuing his confinement at the Oregon State Hospital without issuance of a final order within the time required by Oregon statute. Plaintiff also alleges state law claims of false imprisonment, battery, and

1    - OPINION AND ORDER

<sub>negligence.[1]</sub> Defendants move for summary judgment on all claims, arguing that the State of Oregon and its agencies are immune from suit in federal court, individual defendants are entitled to qualified and judicial immunity, plaintiff's § 1983 and state law claims are barred by the statute of limitations, and no facts support plaintiff's claims as a matter of law. Defendants' motion is granted.

## FACTS

On April 15, 2004, a Douglas County Circuit Court judge found defendant guilty except for insanity of the crime of Felon in Possession of a Firearm and placed defendant under the jurisdiction of the Board for no more than five years. Plaintiff subsequently was admitted to the Oregon State Hospital.

On July 12, 2004, the Board held an initial hearing to determine whether plaintiff was eligible for conditional release. The Board found that plaintiff was affected by a mental disease or defect and not eligible for conditional release. The Board issued a final, written order on August 2, 2004.

Oregon State Hospital subsequently requested plaintiff's discharge because he no longer suffered from a mental illness and did not meet Board criteria for continuing jurisdiction. On May 9,

---

[1] At the time his complaint was filed, plaintiff was represented by an attorney. Plaintiff's attorney has withdrawn and plaintiff now appears *pro se*.

2005, plaintiff was released from Oregon State Hospital.

On May 4, 2007, plaintiff filed suit.

## STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The materiality of a fact is determined by the substantive law on the issue. T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987). The authenticity of a dispute is determined by whether the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The moving party has the burden of establishing the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If the moving party shows the absence of a genuine issue of material fact, the nonmoving party must go beyond the pleadings and identify facts which show a genuine issue for trial. Id. at 324.

Special rules of construction apply to evaluating summary judgment motions: (1) all reasonable doubts as to the existence of genuine issues of material fact should be resolved against the moving party; and (2) all inferences to be drawn from the

3    - OPINION AND ORDER

underlying facts must be viewed in the light most favorable to the nonmoving party. T.W. Elec., 809 F.2d at 630. The court previously provided plaintiff with notice of Rule 56 standards.

DISCUSSION

A. Due Process Claim

Oregon's two-year statute of limitations for personal injury actions applies to claims brought under § 1983. See Sain v. City of Bend, 309 F.3d 1134, 1139 (9th Cir. 2002). Thus, plaintiff was required to file suit within two years of the alleged due process violation. Plaintiff claims that defendants violated his right to due process on July 13, 2004 by failing to issue a final commitment order on that date. However, plaintiff did not file suit until May 4, 2007, more than two years after the alleged constitutional deprivation. Contrary to plaintiff's argument, the continuing tort doctrine is not applicable where defendants' failure to issue a written opinion was a discrete action, rather than a continuing course of conduct. Thus, plaintiff's due process claim is barred by the statute of limitations.

Even if the statute of limitations did not bar plaintiff's claim, he cannot defeat summary judgment. Plaintiff alleges that the Board deprived him of liberty without due process of law. Notably, plaintiff did not appeal and does not challenge the judgment of conviction that subjected him to the Board's jurisdiction. Further, plaintiff does not argue that the Board

4    - OPINION AND ORDER

failed to give him notice of the initial hearing or the opportunity to be heard.

Rather, the crux of plaintiff's due process claim is that the Board failed to conduct a hearing and issue a final order within ninety days after his initial confinement as required by Or. Rev. Stat. § 161.341(7)(a). Under that provision, a person found not guilty by insanity and committed to the Oregon State Hospital shall not "be held in the hospital for more than 90 days from the date of the court's commitment order without an initial hearing before the board to determine whether the person should be conditionally released or discharged." Id.

Here, plaintiff was committed on April 15, 2004 and entitled to an initial hearing on or before July 14, 2004. The Board held an initial hearing on July 12, 2004 and found that plaintiff was affected by a mental disease or defect. Further, the Board found that plaintiff could not be adequately controlled and treated in the community if he was conditionally released, because he had not been assessed by a community mental health agency to determine his readiness for release and no conditional release plan had been developed or presented to the Board.

Nonetheless, plaintiff argues that the Board no longer had jurisdiction over him as of July 14, 2004, because the Board did not issue a final, written order until August 2, 2004. However, plaintiff did not appeal the Board's order of August 2, 2004 or

5    - OPINION AND ORDER

otherwise challenge the Board's continuing jurisdiction. Therefore, plaintiff cannot now assert such a claim and argue that he was not affected by a mental defect as of June 14, 2004. Regardless, while the Board was required to hold an initial hearing within ninety days of plaintiff's commitment, § 161.341(7)(a) does not require the Board to issue a final order within ninety days. I appreciate plaintiff's argument that the Board could hold an initial hearing and indefinitely postpone or delay issuance of a final order; however, it did not do so in this case.

The fundamental requirements of procedural due process are notice and an opportunity to be heard before deprivation of a protected liberty or property interest. Mathews v. Eldridge, 424 U.S. 319, 333 (1976). Plaintiff was afforded notice and the opportunity to be heard within ninety days of the court's commitment order, and his right to due process right was not violated.

Finally, all defendants are immune from suit under the facts alleged by plaintiff. The Eleventh Amendment to the United States Constitution prohibits plaintiff from suing the State of Oregon or its instrumentalities in federal court, unless the State has given unequivocal consent to be sued or Congress has abrogated that immunity. Raygor v. Regents of Univ. of Minn., 534 U.S. 533, 540-542 (2002); College Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd., 527 U.S. 666, 670 (1999); Pennhurst State Sch.

6   - OPINION AND ORDER

& Hosp. v. Halderman, 465 U.S. 89, 97-100 (1984). The State is not a "person" subject to suit under § 1983, and the Department of Human Services, Health Division and the Psychiatric Security Review Board are instrumentalities of the State. Howlett v. Rose, 496 U.S. 356, 365 (1990); Will v. Michigan Dep't of State Police, 491 U.S. 58, 70-71 (1989).[2] Similarly, to the extent individual defendants Johannsen, Morey, Hulburt, and Leonard are sued in their official capacities, the State's immunity bars suit against them as well. Will, 491 U.S. at 71 (1989); Cortez v. County of Los Angeles, 294 F.3d 1186, 1188 (9th Cir. 2002).

Even if the individual defendants are sued in their individual capacities and are "persons" under § 1983, they are protected by qualified and judicial immunity. It was reasonable for the individual defendants to believe that their actions did not violate clearly established federal law, and their actions were akin to judicial fact-finding. Saucier v. Katz, 533 U.S. 194, 201-02 (2001); Praggastis v. Clackamas Co., 305 Or. 419, 427, 752 P.2d 302 (1988) ("Judicial immunity is granted or withheld on the basis of the nature of the function being performed, and not on the basis of the office.").

---

[2] Unlike the Oregon Tort Claims Act, which requires state tort claims based on the conduct of a state official to be filed against the State of Oregon, § 1983 authorizes suit against "persons" acting under color of state law and does not authorize suit against the State.

7    - OPINION AND ORDER

B.  State Law Tort Claims

Plaintiff alleges claims of false imprisonment, battery, and negligence. Under Or. Rev. Stat. § 30.725(1), a plaintiff must provide the State with notice of a claim within 180 days of any alleged loss or injury. Plaintiff fails to submit competent evidence that he provided the State with notice of his intent to sue within 180 days of his injury. Although plaintiff submitted a copy of a return receipt for mail addressed to the Psychiatric Security Review Board dated June 9, 2005, the return receipt does not indicate what document was sent to the Board or by whom.

Furthermore, the applicable statute of limitations required plaintiff to assert his tort claims "within two years after the alleged loss or injury." Or. Rev. Stat. § 30.275(9). Plaintiff's negligence and battery claims arise from an incident with another patient that allegedly occurred in September 2004, more than two years prior to commencement of his lawsuit. Therefore, those claims are barred by the statute of limitations.

Regardless, plaintiff presents no admissible facts to defeat summary judgment. Plaintiff was confined to the Oregon State Hospital pursuant to a judgment of the state court. Further, the Board found that plaintiff had a mental disease or defect as of June 12, 2004, and plaintiff did not appeal that finding. Accordingly, plaintiff cannot establish that his continued confinement was unlawful. Likewise, plaintiff cannot establish

battery, as plaintiff alleges he was hit by another patient rather than by any of the individual defendants, and the evidence he submits does not support a claim for negligence.

## CONCLUSION

Defendants' Motion for Summary Judgment (doc. 22) is GRANTED, and this case is dismissed.

IT IS SO ORDERED.

Dated this 20 day of November, 2008.

_____
Ann Aiken
United States District Judge

9    - OPINION AND ORDER